IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kevin Neil Flynn, | ) | |
| | ) | |
| Plaintiff, | ) | CA No. 6:06-1801-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Metalcraft of Mayville, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Metalcraft of Mayville, Inc.'s ("Metalcraft") motion for summary judgment and motion to exclude the testimony of Lynn Burkholder ("Burkholder"). The Plaintiff brought this products liability action for injuries he sustained when he was mowing using a Scag Hydrostatic Walk-Behind Mower ("mower") manufactured by Metalcraft. The Plaintiff asserts causes of action based on strict liability, negligence, and breach of warranty. Jurisdiction is based on diversity. See 28 U.S.C. § 1332. For the reasons set forth below, the court denies Metalcraft's motion for summary judgment.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff alleges that on July 19, 2003, he was using the mower when he lost control and the mower turned on him, causing injuries to his left ankle and right foot from the blade. Metalcraft moves for summary judgment, contending that (1) the testimony of Lynn Burkholder, the Plaintiff's liability expert, must be excluded; (2) the doctrine of spoliation requires dismissal of this case; and (3) the Plaintiff's comparative negligence exceeds fifty percent.

1

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Metalcraft's Motion for Summary Judgment

#### 1. Lynn Burkholder's Testimony

Metalcraft moves in limine to exclude Burkholder's testimony. In Kumho Tire Co, Ltd. v. Carmichael and Daubert v. Merrell Dow Pharmaceuticals, Inc., the Supreme Court set

2

forth the standard for determining the admissibility of expert testimony.  In Daubert, the Supreme Court established the standard for the admissibility of scientific evidence.  509 U.S. 579, 592-93 (1993).  In Kumho, the Court applied the Daubert standard to non-scientist experts.  526 U.S. 137, 141 (1999).

"In Daubert, th[e] Court held that Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony . . . is not only relevant, but reliable.'" Id. at 147 (citing Daubert, 509 U.S. at 589.)  "The subject of an expert's testimony must be scientific knowledge." Daubert, 509 U.S. at 589-590 (internal quotation marks omitted).  "The adjective 'scientific' implies a grounding in the methods and procedures of science." Id. at 590.  "Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation." Id.  When faced with the proffer of expert testimony, the court must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Id. at 592-93.  In doing so, the court should recognize that "conclusions and methodology are not entirely distinct from one another." Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997).

In doing so, "many factors will bear on the inquiry" and there is no definitive checklist.  Daubert, 509 U.S. at 593.  Some factors may include (1) whether the technique or scientific knowledge can be and has been tested; (2) whether the theory or technique has been subjected to peer review; (3) the known or potential rate of error; and (4) whether the technique or test is generally accepted within the community.  Id. at 594.

These factors, and others, can also be applied to technical experience-based testimony. Kumho, 526 U.S. 137 at 151. "In certain cases, it will be appropriate for the trial judge to ask, for example, how often an engineering expert's experience-based methodology has produced erroneous results, or whether such a method is generally accepted in the relevant engineering community." Id. "The proponent of the testimony must establish its admissibility by a preponderance of proof." Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001).

The standards of Daubert and Kumho are set forth in the amended Rule 702 of the Federal Rules of Civil Procedure. As of December 1, 2000, Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is of an opinion or otherwise; (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Metalcraft alleges that Burkholder's testimony must be excluded because he (1) "has no expertise in the areas of safety systems and hydraulic drives for products such as the mower;" (2) "has provided only rough, hand drawn modifications to the safety system and controls of the Mower without any evidence that the proposed modifications" are feasible, reliable, economically feasible, and would not cause additional safety problems; (3) concedes that any ANSI standard deviations did not contribute to the accident; and (4) concedes that the contents of the mower manual did not contribute to the accident. (Def.'s Mem. Supp. Mot. Exclude Test. 2.) The Plaintiff argues that Metalcraft's arguments "do not concern the

4

admissibility of Burkholder's testimony, but rather go to the weight and sufficiency of the evidence." (Pl.'s Mem. Opp'n Mot. Exclude Test.6.) Based on the court's review of the record and the evidence, the court declines to exclude Burkholder's testimony at this time.

### 2. Spoliation

Metalcraft moves for summary judgment based on spoliation arguing that the Plaintiff failed "to preserve the very piece of evidence that he alleges caused his injuries [the right hand neutral latch], or to otherwise document [the mower's] condition after the accident." (Def.'s Mem. Supp. Summ. J. 28.) "Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001). "The right to impose sanctions for spoliation arises from a court's inherent power to control the judicial process and litigation, but the power is limited to that necessary to redress conduct which abuses the judicial process." Id. (internal quotation marks omitted). "While a district court has broad discretion in choosing an appropriate sanction for spoliation, the applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." Id. (internal quotation marks omitted). "In addition, the court must find some degree of fault to impose sanctions." Id. "[S]ometimes even the inadvertant, albeit negligent, loss of evidence will justify [sanctions] because of the resulting unfairness." Id. at 593.

Metalcraft argues that dismissal is the appropriate sanction in this case because the Plaintiff waited over three years after the accident before notifying Metalcraft of his claim and providing access to the mower on July 10, 2006. During this three-year period of time,

Metalcraft alleges that the condition of the mower changed, which has prevented Metalcraft from assessing the mower's condition at the time of the accident and evaluating causation. (Def.'s Mem. Supp. Summ. J. 28-29.)  Specifically, Metalcraft submits that the neutral latches, which the Plaintiff alleges caused the accident, were not preserved.  (Id.)   In addition, Metalcraft alleges that it is forced to rely on the Plaintiff's expert's September 30, 2004, notes that the mower was poorly maintained and mis-adjusted.

Michael Flynn ("Flynn"), the mower's owner, alleges that no changes were made to the mower other than routine maintenance prior to its inspection by Metalcraft's expert, Michael Huffman.  (Flynn Aff. ¶ 5-6.)  Burkholder stated in his affidavit that the neutral latches were removed after the accident and that his April 12, 2006, handwritten notes mistakenly indicated that the neutral latches were removed when the incident occurred. (Burkholder Aff. ¶ 8.)  Further, Glenn Robinson ("Robinson") stated in his affidavit that Flynn told Robinson that he temporarily removed the neutral latches after the accident. (Robinson Aff. ¶ 4.)  Robinson examined the mower on September 30, 2004, and noted that "[b]ased on information observed and provided by the owner, during my examination the mower was in essentially the same condition as it was when the incident took place." (Id. ¶ 5.)

Metalcraft counters by stating that the right-hand neutral latch was removed after the accident, and that the Plaintiff has acknowledged "his failure to preserve a material piece of evidence in its original condition which has deprived Defendant of an opportunity to inspect the machine and the right hand neutral latch in the condition it was in at the time of the accident." (Reply Supp. Summ. J. 7.)  Notably, Robinson stated that Flynn told him that the

6

neutral latches were "temporarily removed," and when Metalcraft's expert examined the mower, the neutral latches were present. (Robinson Aff. ¶ 4); (Donald Carlson Aff. Ex. G (Michael Huffman inspection report 1).) Based on the evidence before the court, the court denies Metalcraft's motion for summary judgment based on spoliation of evidence.

### 3. Comparative Negligence

Metalcraft alleges that "the evidence in the record supports only one inference, that Plaintiff's own actions in failing to following [sic] the instructions in the manual regarding proper attire, mowing the lawn barefoot and wearing shorts instead of pants resulted in Plaintiff being more than 50% negligent as a matter of law." (Def.'s Mem. Supp. Summ. J. 33.) "Comparison of a plaintiff's negligence with that of the defendant is a question of fact for the jury to decide." Creech v. South Carolina Wildlife and Marine Res. Dep't, 491 S.E.2d 571, 575 (S.C. 1997). Comparative negligence becomes a question of law for the court to decide "only if the only reasonable inference that may be drawn from the evidence is that the plaintiff's negligence exceeded fifty percent." Id. The court has reviewed the evidence in this case and finds that more than one reasonable inference may be drawn from the evidence, including the inference that the Plaintiff's negligence did not exceed fifty percent. Therefore, comparative negligence is a question of fact for the jury to decide in this case.

Therefore, it is

**ORDERED** that Metalcraft's motion for summary judgment, docket number 21, is denied. It is further

**ORDERED** that Metalcraft's motion in limine to exclude Burkholder's testimony, docket number 22, is denied without prejudice.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
May 17, 2007